**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| PAULA CUEVAS<br><br>Plaintiff(s)<br><br>v.<br>NOVO NORDISK, INC. and<br>NOVO NORDISK, A/S<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. __27__ (ECF 503).

1

## IDENTIFICATION OF PARTIES

### Plaintiff(s)

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): __Paula Cuevas_____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

### Defendant(s)

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        __X___ Novo Nordisk Inc.

        __X___ Novo Nordisk A/S

        _____ Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

**<u>JURISDICTION AND VENUE</u>**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

  Pass Christian, Mississippi

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

  Mississippi

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

  Mississippi

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

  Pass Christian, Mississippi

10.     Jurisdiction is based on:

   _×_   diversity of citizenship pursuant to 28 U.S.C. § 1332

   _____   other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

  Southern District of Mississippi, Southern Division

12.     Venue is proper in the District Court identified in Paragraph 11 because:

   _×_   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.   If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

   **X**   Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

   **X**   Victoza (liraglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

_____    Mounjaro (tirzepatide)

_____    Zepbound (tirzepatide)

_____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic:  January 2023-May 2024

Victoza:  January 2022-November 2022

_____

_____

5

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____    Gastroparesis

__✕__    Other gastro-intestinal injuries (specify) Perforated Rectosignmoid/Simoid Colon requiring emergent exploratory laparotomy Partial Colostomy

_____    Ileus

_____    Ischemic Bowel/Ischemic Colitis

_____    Intestinal Obstruction

_____    Necrotizing Pancreatitis

_____    Gallbladder Injury (specify) _____

_____    Micronutrient Deficiency

_____    Wernicke's encephalopathy

_____    Aspiration

_____    Death

__✕__    Additional/Other(s) (specify): Severe, persistent nausea and vomiting, constipation, abdominal pain and epigastric pain associated with Ozempic and Victoza use requiring hospital and emergency department care.

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

February 2025

_____

_____

_____

6

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

   X    Injury to self

_____ Injury to person represented

   X    Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

\_\_\_\_\_    Count I:    Failure to Warn – Negligence

\_\_\_\_\_    Count II:    Failure to Warn – Strict Liability

\_\_\_\_\_    Count III:    Breach of Express Warranty/Failure to Conform to Representations

\_\_\_\_\_    Count IV:    Breach of Implied Warranty

\_\_✓\_\_    Count V:    Fraudulent Concealment/Fraud by Omission

\_\_✓\_\_    Count VI:    Fraudulent/Intentional Misrepresentation

\_\_\_\_\_    Count VII:    Negligent Misrepresentation/Marketing

\_\_\_\_\_    Count VIII: Strict Product Liability Misrepresentation/Marketing

\_\_\_\_\_    Count IX:    Innocent Misrepresentation/Marketing

\_\_✓\_\_    Count X:    Unfair Trade Practices/Consumer Protection (see below)

\_\_\_\_\_    Count XI:    Negligence

\_\_\_\_\_    Count XII:  Negligent Undertaking

\_\_✓\_\_    Count XIII: State Product Liability Act (see below)

\_\_\_\_\_    Count XIV: Wrongful Death

\_\_\_\_\_    Count XV:  Loss of Consortium

\_\_\_\_\_    Count XVI: Survival Action

\_\_✓\_\_    Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachment "A" for Counts V & VI.

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    Mississippi Consumer Protection Act (MCPA), codified in Title 75, Chapter 24 of The Mississippi Code Annotated. Specifically, Miss. Code Ann. § 75-24-5(1), prohibits unfair or deceptive trade practices.

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

    See Attachment "B"

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

9

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

is/are bringing such claims:

A Mississippi resident asserting a products liability claim must do so under (MPLA), codified at Miss. Code Ann. § 11-1-63.

The MPLA applies to any action for damages caused by a product, including claims based on strict liability in tort,

negligence, and breach of implied warranty.

b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn - Negligence; Failure to Warn - Strict Liability; Breach of Express Warranty/

Failure to Conform to Representations; Breach of Implied Warranty; Negligent Misrepresentation/

Marketing; State Product Liability Misrepresentation/Marketing; Innocent Misrepresentation/
Marketing; Negligence; Negligent Undertaking

c.    Identify the factual allegations supporting those claims:

See pg. 173, et. seq., of Master Complaint (Failure to Warn - Negligence;) see pg. 184, et seq. (Failure to Warn
Strict liability); see pg.199, et seq. (Breach of Express Warranty/ Failure to Conform to Representations); see

pg. 199, et seq. (Breach of Implied Warranty); see pg. 227, et seq., (Negligent Misrepresentation/Marketing);
see pg. 232, et seq., (Strict Product Liability Misrepresentation/Marketing); see pg. 238, et seq. (innocent
Misrepresentation/Marketing); see pg. 245, et seq. (Negligence); and see pg. 248, et seq. (Negligent Undertaking).

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims
with the requisite specificity will result in the short form complaint being stricken with only one
opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)?    N/A    .  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: May 7, 2026

By: /s/Mackenzi L. Saucier
Betsy J. Barnes (La. Bar No. 19473)
John C. Enochs (La. Bar No. 22774)
Mackenzi L. Saucier (LA Bar No. 40937)
Alex F. Connelly (MS Bar No. 101680)
MORRIS BART, L.L.C.
601 Poydras St. 24th Floor
New Orleans, LA 70130
Telephone: (504) 525-8000
Fax: (504) 599-3380
bbarnes@morrisbart.com
jenochs@morrisbart.com
msaucier@morrisbart.com
aconnelly@morrisbart.com
***Attorneys for Plaintiff***